BERTHA H. GURNEE, Appellant, v. LOUIS B. HASBROUCK and THE CHASE NATIONAL BANK OF NEW YORK, as Executors and Trustees of the Estate of ABRAHAM M. QUICK, Deceased, and the Said LOUIS B. HASBROUCK, as Executor of the Estate of MARTHA A. QUICK, Deceased, Respondents.— Judgment reversed on the law, with costs, and judgment directed in plaintiff's favor for the sum of $20,000, with interest from September 12, 1932, with the costs of this action. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. There was a valid contract

between the plaintiff and Abraham M. Quick pursuant to which plaintiff gave up her home in Wisconsin in 1926 and lived with, cared for and served Mr. and Mrs. Quick in their home in Brooklyn, New York, for nearly four years; for which services Abraham M. Quick promised in writing to " amply reward " her. By his last will and testament and the second codicil thereto, he fixed the value of said services at the sum of $30,000. The release executed and delivered by plaintiff on August 22, 1930, upon the receipt by her of $10,000 in settlement of her action against the estate of Martha A. Quick and against Abraham M. Quick, is not a bar to this action, inasmuch as the plaintiff, at that time, was ignorant of the provisions that had been made for her in the will of Abraham M. Quick and the second codicil, and was informed by the attorney for the defendants in that action that no provision had been made by Quick for her compensation, which said attorney knew was not the fact, and thereby plaintiff was induced to accept $10,000 in settlement of her claim in that action. Credit, however, is given defendants, by plaintiff's consent, for the said payment of $10,000 on account of said $30,000. The complaint is amended to conform to the proofs. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur. Settle order on notice.